UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROSE,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 1:25-cv-00461-HBK (HC)<br><br>ORDER DISREGARDING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>JUNE 10, 2025 DEADLINE |

Petitioner is proceeding on his petition for writ of habeas corpus under 28 U.S.C. § 2241, docketed on April 22, 2025. (Doc. No. 1). A preliminary screening of the petition reveals that it fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases and fails to name a proper respondent. Therefore, the Court will afford Petitioner an opportunity to file an amended petition before recommending dismissal of this action.

**DISCUSSION**

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254[1] Cases requires the Court to make a preliminary

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1

1  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
2  plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the
3  Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).
4  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ
5  of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
6  dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not
7  be dismissed without leave to amend unless it appears that no tenable claim for relief can be
8  pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to Name a Proper Respondent

First, the Petition incorrectly identifies "The United States of America" as Respondent.  (Doc. No. 1 at 1).  A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21 F.3d at 360.  However, the chief officer in charge of penal institutions is also appropriate.  *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency.  *Id*.

Here, Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth*., 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976).  The Court, however, will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  *See West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner may

correct this deficiency when he files his First Amended Petition.

### C. Failure to State a Cognizable Federal Claim

Second, the Petition is facially deficient. The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Initially, the Court notes the Petition is not on the approved form. Therefore, it lacks critical information. Rule 2(d) requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by a local district-court rule." The Court finds the use of the approved form to be more efficient.

To the extent discernable, the Petition asserts "constitutional violations," "procedures violations," and ineffective assistance of counsel" related to Petitioner's conviction that was affirmed by the United States Court of Appeals for the Sixth Circuit.[2] (Doc. No. 1 at 1-2). As noted, the Petition is largely deficient in facts concerning Petitioner's conviction, the sentence he received, and specific facts in support of the conclusory violations asserted in his Petition. (*See id*.) Other than stating that trial counsel failed to file an "*Anders* brief" or an "appeal brief,"

---

[2] The Court presumes Petitioner's convictions were affirmed by the Sixth Circuit because Petitioner asserts the Sixth Circuit failed to "correct" violations that constituted "miscarriage of justice." (Doc. No. 1 at 1).

Petitioner fails to specify his ground(s) for relief and facts supporting his ground(s) as required under Rule 2(c). Moreover, the Petition provides little information about any prior relief he has sought, such as any appeals he has filed or any motions or petitions for collateral relief, aside from noting that he asked the Sixth Circuit for appointment of counsel and requested transcripts, and he was later informed by the district court that his request was construed as a § 2255 motion. (*Id*. at 6-7). Without more information, the Court cannot determine whether it has jurisdiction over the Petition, under which code section it has jurisdiction, whether the Petition states a cognizable claim; or whether Petitioner satisfies the savings clause as set forth in 28 U.S.C. § 2255.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies if he is able. Should Petitioner file a First Amended Petition, he is also advised that it will supersede the first amended petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The First Amended Petition must be free-standing, *i.e*. it must be <u>complete</u> without reference to the prior petition or any superseded pleading and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings.

The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition with this Order. Petitioner is directed to use the enclosed form and title the pleading "First Amended Petition." Petitioner is forewarned that his failure to comply with this Order will result in a recommendation that the Petition be dismissed pursuant to Local Rule 110 and/or for the reasons set forth in this Order.

Accordingly, **IT IS ORDERED**:

1. The Petition (Doc. No. 1) is DISREGARDED with leave to amend.
2. **No later than June 10, 2025**, Petitioner shall deliver to correctional officials for mailing a First Amended Petition.
3. The Clerk of Court shall provide Petitioner with a habeas corpus § 2241 form with this Order for Petitioner's use in preparing his First Amended Petition.
4. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend

4

the Court dismiss the Petition for the reasons set forth above and/or for Petitioner's failure to prosecute this action.

Dated: May 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE