UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROSE,<br><br>Petitioner,<br><br>v.<br><br>J. DOERER, Warden,<br><br>Respondent. | No.  1:25-cv-00461-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. 27) |

Petitioner James Edward Rose ("Petitioner"), a federal prisoner, is proceeding pro se on his first amended petition for writ of habeas corpus under 28 U.S.C. § 2241 filed while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court.  (Doc. 6, "Petition").  To the extent discernable, the Petition raises six largely interrelated grounds for relief: (1) violation of the Sixth Amendment for the district court's failure to appoint "new counsel" for Petitioner's "first appeal"; (2) violation of the Eighth Amendment for "multiple sentences running consecutive for the same offenses"; (3) "procedures violations" for trial counsel's alleged failure to request to withdraw from his case; (4) ineffective assistance of counsel; (5) ineffective assistance of counsel and right to counsel on "the

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 23).

1

First Appeal from his conviction"; and (6) right to counsel on appeal when petitioner challenges a certification that the appeal is not taken in good faith. (*Id*. at 2-3, 7-8).

On March 12, 2026, after a brief stay in light of the lapse of appropriations in October 2025 (Doc. 14), and two requests for extensions of time (Docs. 24, 26), Respondent filed a Motion to Dismiss the Petition on the basis that the Court lacked jurisdiction to review the § 2241 petition because the "savings clause" of 28 U.S.C. § 2255 does not apply to Petitioner's claim. (Doc. 27, "Motion" (also arguing petitioner's claims are barred under 28 U.S.C. § 2255)). Respondent attached portions of the record from Petitioner's court of conviction. (Doc. 27-1). Petitioner has not filed a response, and the deadline to do so has passed. (*See* Doc. 8 (allowing twenty-one days from Respondent's motion to dismiss to file an opposition)).

For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

Petitioner, a federal prisoner, is serving a 1,260-month cumulative sentence for two counts of assault with intent to murder in violation of 18 U.S.C. § 113(a)(1), two counts of assault with a dangerous weapon in violation of 18 U.S.C. § 111(a)(1) and (b), two counts of assault with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3), and possession of a prohibited object (shank) in violation of 18 U.S.C. § 1791(a)(2), imposed in 2011 after a jury trial by the United States District Court for the Eastern District of Kentucky ("EDKY"). *See United States v. Rose*, 6:11-cr-00011-GFVT-1, Crim. Docs. 66, 92 (E.D. Ky.)[2]; Doc. 27-1 at 18-19.

No direct appeal was filed. (Doc. 27 at 2; Doc. 27-1 at 8). In 2016, Petitioner filed a § 2255 motion to vacate his sentence, which was denied by the EDKY. Crim. Doc. Nos. 51, 55, 70, 72; Doc. 27 at 2 (noting the non-*Johnson* claims were dismissed as time-barred with prejudice and certificate of appealability was denied, and the claims regarding the applicability of *Johnson v. United States*, 135 S .Ct. 2551 (2015) were denied on the merits). No appeal was filed. (*See*

---

[2] The undersigned cites to the record in Petitioner's underlying EDKY criminal case as "Crim. Doc. _.".

2

*generally* Doc. 27-1 at 3-4).  In January 2020, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for authorization to file a second or successive § 2255 motion.  Crim. Doc. 76 (Petitioner sought to present an ineffective assistance of counsel claim relating to counsel's failure to file a direct appeal, but "the application fails to identify a new constitutional rule or newly discovered evidence on which that claim relies.  So he fails to make a prima facie showing required by § 2255(h)).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A.  Jurisdiction under § 2241

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  In contrast, federal prisoners seeking to challenge the validity or constitutionality of their federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence through a § 2255 motion in the sentencing court.  *Jones v. Hendrix*, 599 U.S. 465 (2023); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion

3

cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Jones*, 599 U.S. at 474-76; *Harrison*, 519 F.3d at 956. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jones*, 599 U.S. at 478 ("After AEDPA, as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."). In *Jones v. Hendrix*, the Supreme Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. at 471. The Supreme Court noted that § 2255(h) limits second or successive § 2255 motions to those that contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 476. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id.* at 480.

Here, it is undisputed that Petitioner is challenging the legality of his confinement by alleging, liberally construed, violation of his constitutional rights under the Sixth Amendment for the district court's failure to appoint "new counsel" on direct appeal; violation of his constitutional rights by running multiple sentences consecutively "for the same offenses"; and multiple claims of ineffective assistance of his trial counsel and "right to counsel" regarding direct appeal. (*See* Doc. 6 at 2-3, 7-8). As noted by Respondent, Petitioner's ineffective

assistance of counsel claims were properly raised in a § 2255 motion in his court of conviction in 2016 and dismissed by the court of conviction as time barred.  (Doc. 27 at 3, Crim. Docs. 70, 72).

Thus, Petitioner can only challenge the legality of his confinement through the instant § 2241 petition by utilizing the so-called "savings clause" provision of § 2255(e) if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Jones*, 599 U.S. at 478.  Petitioner fails to do so here. Petitioner "explains" in response to Question 14 of the form Petition that he is filing the Petition pursuant to § 2241 instead of § 2255 because he "cannot receive fairness due to the U.S. District court and the U.S. District Court of Appeals [sic] failure to conduct an investigation into why trial counsel abandoned Petitioner['s] case without filing a Notice of Appeal, Anders Brief, [or conducting an evidentiary hearing] to determine whether Petitioner asked for an appeal." (Doc. 6 at 4).  Petitioner does not argue, nor does the Court discern, how an alleged "unfairness" rises to the level of "unusual circumstances" making it "impossible or impractical for [Petitioner] to seek relief from the sentencing court."  *See Jones*, 599 U.S. at 471, 474 (noting example of "unusual circumstance" as dissolution of the sentencing court; "a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose.").  "Even if the sentencing court ultimately denies Petitioner's second section 2255 motion (based on section 2255(h) or otherwise), section 2255 would not be 'unavailable' to Petitioner within the meaning of the savings clause." *Bullette v. Lepe*, 2026 WL 450388, at *1 (C.D. Cal. Jan. 20, 2026), *report and recommendation adopted*, 2026 WL 447162 (C.D. Cal. Feb. 13, 2026) (citing *Jones*, 599 U.S. at 478).  Finally, as argued by Respondent, Petitioner "cites no authority for the proposition that he may relitigate ineffective assistance of counsel claims in a § 2241 petition after they were dismissed in § 2255 as time barred" and Petitioner "provides no explanation for the assertions that his consecutive sentences should now be considered under the savings clause."[3] (Doc. 27 at 3).

---

[3] Respondent additionally argues the Petition should be dismissed as a second or successive § 2255 petition because Petitioner "neither alleges newly discovered evidence nor a new constitutional law rule," and "[t]o the extent that [Petitioner] inarticulately attempts to raise issues other than ineffective assistance of counsel, those issues are barred under the Procedural Default Rule."  (Doc. 27 at 4-5).  However, in light the determination that it lacks jurisdiction over the Petition, the Court declines to consider the merits of the Petition.

Because Petitioner has failed to satisfy the "savings clause" of § 2255, this Court lacks jurisdiction over the first amended petition for writ of habeas corpus under § 2241.  Further, as Petitioner has not been granted leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the § 2241 petition to the EDKY for consideration as a § 2255 motion.

Accordingly, it is **ORDERED**:

1.  Respondent's Motion to Dismiss (Doc. 27) is GRANTED.

2.  The first amended petition (Doc. 6) is DISMISSED for lack of jurisdiction.

Dated:    April 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6